IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:14CR288 |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | |
| HANS SCHROEDER and ) | RECOMMENDATION |
| BREAC A. STEWART, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion to dismiss by defendant Breac A. Stewart (Stewart) (Filing No. 37). Stewart and Hans Schroeder (Schroeder) are charged in the Indictment with a violation of 18 U.S.C. § 846, a conspiracy to distribute and possess with intent to distribute 50 kilograms or more of marijuana (Count I), a conspiracy to commit offenses under 18 U.S.C. § 1956 involving the distribution of marijuana (Count II), and the use of the mail and interstate facilities to carry on an unlawful activity involving controlled substances in violation of 18 U.S.C. § 1952(a)(1) and (a)(3) (Count III), together with a forfeiture allegation pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1), and 28 U.S.C. 2461. **See** Filing No. 1 - Indictment.

Stewart seeks a dismissal of the Indictment for failure to provide the defendant with his Sixth Amendment right to be informed of the "nature and cause of the accusation" sufficient to mount a defense and to assert jeopardy. **See** Filing No. 37 - Motion. The court did not hold an evidentiary hearing on the motion and will determine the motion on the bases of the briefs.

### COUNT I

Count I alleges:

Beginning from an unknown date but as early as December, 2011, and continuing to on or about December, 2013, in the District of Nebraska and elsewhere, the Defendants, HANS SCHROEDER and BREAC A. STEWART, knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the

> Grand Jury, to commit the following offense against the United States: distribution and possession with intent to distribute 50 kilograms or more of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(I).
> In violation of Title 21, United States Code, Section 846.

**See** Filing No. 1 - Indictment.

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished. Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.

***Hamling v. United States***, 418 U.S. 87, 117-18 (1974) (citations omitted and internal quotation marks omitted). Count I tracks the language of the statute, apprizes Stewart of the offense, i.e., a conspiracy to distribute and possess with intent to distribute in excess of 50 kilograms of marijuana, and alleges a period of time during which the conspiracy occurred.

> An indictment which tracks the language of the appropriate statute, advises the defendant of the elements of the offense, appraises him of the charges, and allows him to plead a conviction or an acquittal as an impediment to subsequent prosecutions and is sufficient.

***United States v. Wessels***, 12 F.3d 746, 749 (8th Cir. 1993) (**quoting *United States v. Young***, 618 F.2d 1281, 1286 (8th Cir. 1980); **see also *United States v. Tebeau***, 713 F.3d 955, 962 (8th Cir. 2013). Stewart asserts Count I fails to indicate the nature and number of alleged marijuana transactions. No overt act need be alleged or proved in a drug conspiracy charged under 21 U.S.C. § 846. **See *United States v. Shabani***, 513 U.S. 10, 17 (1994); ***United States v. Romero***, 150 F.3d 821, 824 (8th Cir. 1998). Count I of the

indictment is sufficient in this case, and Stewart's motion to dismiss should be denied as to Count I.

## COUNT II

Count II alleges:

    1.    Beginning at an unknown date, but as early as December, 2011 and continuing to on or about December 4, 2013, in the District of Nebraska and elsewhere, Defendants, HANS SCHROEDER AND BREAC A. STEWART, did knowingly and intentionally combine, conspire and agree together and with others known and unknown to the Grand Jury to commit certain offenses under Title 18, United States Code, Section 1956, to wit:

    (a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is, distribution of marijuana in violation of Title 21, United States Code, Section 841 and conspiracy to distribute and possess with intent to distribute marijuana in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

    2.    HANS SCHROEDER opened a business account at Wells Fargo Bank on or about August 15, 2011. Said Account was in the name of "Hans N. Schroeder, d/b/a We Be Lions". BREAC A. STEWART was added, along with HANS SCHROEDER, as a designated signor on the Funnel Account from May 7, 2012 to at least December 4, 2013.

    3.    Subsequent to May 7, 2012, HANS SCHROEDER made deposits into said account ("Funnel Account"). The deposits were made at bank branch locations in Nebraska. The cash deposits derived from the proceeds of marijuana sales.

    4.    After cash deposits were made in Nebraska into the Funnel Account, roughly corresponding withdrawals of cash were made from the Funnel Account at bank branch locations in California by BREAC A. STEWART under the name "Adam Stewart".

All in violation of Title 18, United States Code Section 1956(h).

**See** Filing No. 1 - Indictment.

Stewart asserts there are no facts alleged concerning how the proceeds were generated or how the government intends to prove the requisite mental state, such as knowledge and intent. Count II describes the manner and means by which Stewart and his co-defendant carried out the scheme and describes the particular bank account and how it was used. As in Count I, Count II is sufficiently pled to contain the elements of the offense charged, to fairly inform the defendant of the charge against which he must defend, and to enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Nothing more is required. Stewart's motion to dismiss as to Count II should be denied.

### COUNT III

Count III alleges:

> Beginning from an unknown date but as early as December, 2011, and continuing to on or about December, 2013, in the District of Nebraska and elsewhere, HANS SCHROEDER AND BREAC A. STEWART, Defendants herein, did knowingly and intentionally use the mail and any other facility in interstate commerce with the intent: to distribute the proceeds of an unlawful activity and to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely a business enterprise involving distribution of controlled substances, in violation of Title 21, United States Code, Section 841, and conspiracy to distribute controlled substances in violation of Title 21, United States Code Section 846, and thereafter performed and attempted to perform an act to distribute the proceeds of such unlawful activity and performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity.
> In violation of Title 18, United States Code, Sections 1952(a)(1) and (a)(3) and Title 18, United States Code, Section 2.

**See** Filing No. 1 - Indictment.

Stewart asserts Count III, also known as a Travel Act violation, is deficient in identifying who used the means of interstate commerce to distribute the proceeds of the

unlawful activity and lacks an allegation of a subsequent overt act in furtherance of the unlawful activity.  However, an indictment is sufficient if it alleges the statutory language, as does Count III.  **See** *Tebeau*, 713 F.3d at 962.  Additionally, a defendant is not entitled to know the evidentiary details with which the government intends to prove its case.  **See** *United States v. Cerone*, 830 F.2d 938, 951 (8th Cir. 1987) (**citing** *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986); *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986).  Stewart's motion to dismiss as to Count III should be denied.

The Indictment also contains a Forfeiture Allegation not addressed by Stewart in his motion to dismiss.  Accordingly, the Forfeiture Allegation will not be discussed in this Report and Recommendation.

**IT IS RECOMMENDED TO SENIOR JUDGE JOSEPH F. BATAILLON that:**

Stewart's motion to dismiss the Indictment (Filing No. 37) be denied.

### ADMONITION

Pursuant to NECrimR 59.2 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 11th day of March, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge